Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone:   424.221.7400
Facsimile:    424.221.7499
phil.cosgrove@nelsonmullins.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| QUOTEWIZARD.COM, LLC<br><br>Plaintiff,<br><br>v.<br><br>REVPOINT MEDIA, LLC,<br><br>Defendant. | Case No.: _____<br><br>[Arising from *Joseph Mantha v. QuoteWizard.com, LLC*, Case No. 1:19-cv-12235-LTS (D. Mass.)]<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND INDEMNIFICATION ARISING FROM RELATED ACTION IN U.S. DISTRICT COURT OF MASSACHUSETTS AGAINST PLAINTIFF**<br><br>**JURY DEMAND** |

## INTRODUCTION

Plaintiff QuoteWizard.com, LLC ("QuoteWizard") and Defendant RevPoint Media, LLC ("RevPoint") executed a contract in 2013 whereby RevPoint agreed to sell to QuoteWizard consumer leads for auto insurance quotes, meaning the name and contact information for consumers who had signed up to be contacted about auto insurance. The contract required that RevPoint only sell leads to QuoteWizard for which RevPoint had, and could prove, valid consent

COMPLAINT - 1

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

for QuoteWizard to contact the consumer for the purposes of the Telephone Consumer Protection Act ("TCPA").[1]  In other words, RevPoint promised that the leads were valid and that each and every consumer could be legally contacted by QuoteWizard.

On August 5, 2019, QuoteWizard purchased a lead from RevPoint for a consumer named Joseph Mantha ("Mantha"), residing in Massachusetts.  With RevPoint's contractual promise that the lead was valid and that Mantha had consented to be contacted, QuoteWizard thereafter contacted Mantha by text message through its agent concerning Mantha's request for auto insurance information.  Mantha later brought a putative class action against QuoteWizard in the U.S. District Court for the District of Massachusetts, claiming that he never solicited auto insurance information, he never gave his consent to be contacted, and QuoteWizard contacted him in violation of the TCPA.  If Mantha's lead had valid consent as contractually promised by RevPoint, this is a complete defense to the lawsuit for QuoteWizard.  If, on the other hand, the factfinder finds that Mantha did not validly consent or QuoteWizard is unable to prove consent, then RevPoint breached the parties' contract in selling his lead to QuoteWizard without provable consent.  The lawsuit is pending.

QuoteWizard brings three claims against RevPoint arising out of this conduct and relating to the Massachusetts lawsuit: for indemnification as required by the contract; for breach of contract due to RevPoint's failure to accept indemnification to date; and for breach of contract in the event the factfinder in the Massachusetts lawsuit assesses any damages against QuoteWizard.

**THE PARTIES**

---

[1] The TCPA prohibits certain telemarketing in certain forms.  However, it is a total affirmative defense to TCPA claims that the calling party had consent to contact the consumer.

**COMPLAINT - 2**

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

1. Plaintiff QuoteWizard.com, LLC is a limited liability company with its principal place of business located in Seattle, Washington.

2. QuoteWizard has one member who is a citizen of North Carolina.

3. Defendant RevPoint Media, LLC a/k/a "RevPoint Media" is a limited liability company with its principal place of business located at 12 Water Street, Suite 203, White Plains, New York 10601.

4. QuoteWizard is unaware at this time of the citizenship of the members of RevPoint Media, LLC.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the applicable contract was negotiated and relied upon by QuoteWizard in this District, RevPoint sold the consumer lead at issue to QuoteWizard in this District, and the Parties' contract requires suit to be brought in the State of Washington.

7. This Court has personal jurisdiction over RevPoint because, among other things, it sold the consumer lead at issue and related consumer leads to QuoteWizard in this District.

**FACTS**

A. Parties' Relationship and Contract

8. RevPoint describes itself as a "software and lead acquisition and distribution marketplace," meaning that it "help[s] facilitate leads that are captured from entities and help[s] distribute them to end service providers."

9. In this role, RevPoint was a "provider of leads to Quote[W]izard."

COMPLAINT - 3

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

10. QuoteWizard aims to connect internet consumers with the insurance industry, providing consumers with quotes and information and helping them to find the best insurance policies at the best prices.

11. RevPoint and QuoteWizard entered into a binding contract in 2013, namely, the "INSERTION ORDER – Inbound Data Leads" dated April 10, 2013, inclusive of three exhibits thereto (Exhibit A – "Lead Distribution Guidelines For Inbound Data Leads"; Exhibit B – "Vendor Advertising Guidelines For Inbound Data Leads"; and Exhibit C – "Telephone Consumer Protection Act, 42 USC 227 and 47 CFR 64.200 and Do Not Call List Requirements") (the "Agreement").

12. The Agreement provides that it "shall be governed by and construed in accordance with the laws of the State of Washington without regards to principles of conflicts of law."

13. The Agreement also contains a forum selection clause, requiring that all claims and proceedings arising out of or relating to the Agreement or transactions thereunder be brought in Federal or state court in Washington State.

14. Pursuant to the Agreement, RevPoint agreed to "ping" unsold (meaning exclusive) consumer leads for consumers who were looking for auto insurance quotes, and QuoteWizard could either accept or reject the leads.

15. If accepted by QuoteWizard, the lead would then be "post[ed]" by RevPoint and therefore purchased by QuoteWizard.

16. RevPoint would provide to QuoteWizard, for each lead, the consumer's information and contact information to facilitate QuoteWizard contacting them, among other information.

COMPLAINT - 4

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

17. QuoteWizard purchased leads from RevPoint to ultimately provide auto insurance information to the consumer and connect the consumer with the appropriate auto insurance company.

18. The Agreement guaranteed QuoteWizard the exclusive right to contact the consumer leads and distribute the leads at its discretion.

19. The Agreement contains multiple indemnification provisions running in favor of QuoteWizard.

20. Pursuant to the Agreement, RevPoint agreed to defend, indemnify, and hold harmless QuoteWizard for any breach by RevPoint of the terms and warranties set forth in the Agreement.

21. In addition, Exhibit B to the Agreement further provides that RevPoint "irrevocably covenants, promises, and agrees to indemnify, defend, and to hold [QuoteWizard and its officers/employees/agents] … harmless from and against any and all losses, claims, expenses, suits, damages, costs, demands, or liabilities (including without limitation reasonable attorneys' fees) … arising from or related to claims, demands, allegations, or lawsuits … arising from or relating to [RevPoint's] web pages and services."

22. RevPoint also agreed to indemnify and defend QuoteWizard from losses arising from RevPoint's breach of the advertising guidelines contained in Exhibit B.

23. Exhibit C to the Agreement[2] required RevPoint to only sell to QuoteWizard leads that complied with all applicable laws and regulations, including the TCPA.

---

[2] Exhibit C was an amendment to the Insertion Order, and became effective by its own terms on October 1, 2013.

**COMPLAINT - 5**

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

24. Namely, it provided that RevPoint "represents warrants and agrees that the Leads sold to Quote Wizard pursuant to this Agreement will meet each of the following criteria:

1. The Leads will not be obtained in violation of any state or federal law, rule, regulation, court order, judgment, decree, or agreement;

2. The Leads will not be obtained by any unsolicited contacts with consumers;

3. The Lead will be obtained from individuals who represent that they are specifically interested in obtaining a quote for the applicable type of insurance indicated;

4. The Lead will be collected from mediums where Sending Party has included notification, through its data collection vehicles, that the individual's information is being collected for the purposes of obtaining insurance quotes and that the individual may be contacted by insurance agents or carriers;

5. The Lead will be collected from individuals who have provided prior express written consent required by law or regulation (including, but not limited to, Telephone Consumer Protection Act, 42 USC 227 and 47 CFR 64.200 and Do Not Call List Requirements) so that Quote Wizard or insurance agents or carriers may call any telephone or mobile phone numbers contained within Le[ad] for the purpose of providing insurance quotes or connecting the individual with insurance agents or carriers, including but not limited to through the use of an automatic telephone dialing system or prerecorded voice message[.]"

25. Exhibit C to the Agreement further required RevPoint to utilize record-keeping systems that can establish prior express written consent for all leads sold to QuoteWizard, so QuoteWizard in turn can "conclusively establish[]" consent under applicable laws or regulations if necessary.

26. Consistently, RevPoint has admitted that it considered itself to be making a "guarantee" to QuoteWizard that the leads sold had valid consent within the meaning of the TCPA.

COMPLAINT - 6

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

27. QuoteWizard's business model depends and relies on obtaining valid, provable consent for each and every consumer lead it purchases and for each and every consumer it contacts.

28. RevPoint's contractual promise to sell QuoteWizard only exclusive leads with valid, provable consent for TCPA purposes, with sufficient safeguards in place to ensure the same, was therefore a material inducement to QuoteWizard entering into the Agreement.

29. QuoteWizard would not have entered into the Agreement without this promise and would not have purchased Mantha's lead from RevPoint, or any other lead, in the absence of the same.

30. RevPoint's contractual promise to indemnify QuoteWizard for any claims and disputes arising out the leads sold by it to QuoteWizard was likewise a material inducement to QuoteWizard entering into the Agreement.

31. QuoteWizard therefore would not have entered into the Agreement without RevPoint agreeing to indemnify QuoteWizard in this manner.

B. <u>Mantha's Lead</u>

32. On or around August 5, 2019, RevPoint purchased a consumer lead for Joseph Mantha a/k/a Joe Mantha, a Massachusetts resident, from non-party Plural Marketing Solutions, Inc.

33. On or around even date, pursuant to the Agreement, RevPoint sold to QuoteWizard the same consumer lead for Mantha that it had purchased from Plural Marketing Solutions, Inc.

34. Along with Mantha's name and other information, RevPoint provided contact information for Mantha, including his cell phone number, (508) 353-XXXX.

COMPLAINT - 7

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

35. Pursuant to the Agreement, by selling Mantha's lead to QuoteWizard, RevPoint was promising and guaranteeing that Mantha had requested auto insurance information and had consented to be contacted within the meaning of the TCPA, and that, by buying his lead, QuoteWizard was obtaining the exclusive right to contact him.

36. QuoteWizard provided consideration for these contractual promises by RevPoint, including by paying for the same, generally and with respect to the Mantha lead.

37. After buying Mantha's lead from RevPoint, and believing and relying in good faith on RevPoint's contractual promise that the lead had valid consent to contact, QuoteWizard later sent text messages, through its texting vendor, to Mantha at the cell phone number provided by RevPoint.

38. The text messages were sent to Mantha beginning on or around August 9, 2019 and concerned Mantha's request for auto insurance quotes/information.

C. Mantha Denies Consent and Files Putative Class Action

39. Although Mantha did not opt out or otherwise inform QuoteWizard that he was not interested or had not requested auto insurance information, Mantha later, through his attorney, sent a demand letter to QuoteWizard dated September 4, 2019, denying that he had solicited information or requested contact.

40. Mantha later filed a putative nationwide class action against QuoteWizard in the U.S. District Court for the District of Massachusetts on October 29, 2019, bringing two claims against QuoteWizard under the TCPA (Count I since dismissed with prejudice) and alleging that it contacted him by text message without his consent. *See Joseph Mantha v. QuoteWizard.com, LLC*, Case No. 1:19-cv-12235-LTS (D. Mass.) ("Massachusetts Lawsuit"). Mantha seeks to

COMPLAINT - 8

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

represent a nationwide class of consumers. A true and accurate copy of the operative First Amended Complaint therein is attached hereto as **Exhibit 1**.

41. Mantha seeks statutory damages in the amount of $500, trebled, under the TCPA, as well as the same relief on behalf of the putative class members.

42. The Massachusetts Lawsuit is pending and QuoteWizard is defending the same through its counsel.

43. As of the date of this filing, the Massachusetts Lawsuit is still in the discovery phase and no motion for class certification has yet been made.

44. QuoteWizard denies that it violated the TCPA as alleged by Mantha in the Massachusetts Lawsuit and denies that it lacked valid consent to contact him within the meaning of the TCPA.

45. RevPoint's position is that Mantha's lead did have valid TCPA consent.

46. However, in the event that Mantha is able to prove his claim against QuoteWizard, whether individually or on a class basis, then RevPoint is and will be liable to QuoteWizard for failing to provide valid, provable consent within the meaning of the TCPA for each and every consumer entitled to damages in the Massachusetts Lawsuit.

D. QuoteWizard Seeks Indemnification from RevPoint

47. Shortly after becoming aware of the Massachusetts Lawsuit, and although having no facts to suggest that Mantha's allegations were truthful, QuoteWizard contacted RevPoint concerning Mantha's lead.

48. RevPoint denied Mantha's allegations but also informally acknowledged that it was required to indemnify QuoteWizard for the dispute under the Agreement.

COMPLAINT - 9

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

49. QuoteWizard thereafter sought formal, written confirmation from RevPoint that it was accepting indemnification of QuoteWizard for the dispute. To that end, QuoteWizard served a formal demand for indemnification on RevPoint by letter dated November 12, 2019.

50. Having received no response, QuoteWizard sent a second demand for indemnification to RevPoint's counsel by letter dated December 13, 2019.

51. Having received no response to the first or second letters, QuoteWizard sent a third demand for indemnification to RevPoint's counsel by letter dated February 24, 2020.

52. Only then did QuoteWizard receive a response from RevPoint's counsel, by letter dated March 27, 2020, contending that, because RevPoint did not "originate" Mantha's lead, it was not required to indemnify QuoteWizard for the Massachusetts Lawsuit.

53. The Agreement, however, does not limit RevPoint's indemnification obligations only to where it has both originated the subject consumer lead and sold the lead to QuoteWizard.

54. Rather, it is RevPoint's sale of the lead to QuoteWizard, regardless of whether RevPoint originated the lead itself or purchased the lead from another company, that triggers its indemnification obligations under the Agreement.

55. Moreover, RevPoint by its own admission does not originate or generate consumer leads.

56. RevPoint's counsel did not dispute the existence, applicability, or binding nature of the Agreement inclusive of Exhibits A, B, and C thereto.

57. QuoteWizard responded to RevPoint's March 27, 2020 letter by letter dated April 2, 2020, again referring RevPoint to the terms of the Agreement and its requirement to indemnify QuoteWizard regardless of where Mantha's lead was originated.

COMPLAINT - 10

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

58. With RevPoint still failing to formally accept indemnification, QuoteWizard sent another letter demanding that it formally accept indemnification of QuoteWizard, by letter dated September 24, 2020.

59. To date, RevPoint has not formally acknowledged or accepted indemnification arising out of the Massachusetts Lawsuit nor reimbursed QuoteWizard for substantial costs and fees QuoteWizard has incurred in the Massachusetts Lawsuit to date.

60. To date, QuoteWizard has incurred in excess of $75,000 in attorneys' fees and costs to defend the Massachusetts Lawsuit, and such amounts continue to accrue on a near-daily basis.

## COUNT I

## INDEMNIFICATION

61. QuoteWizard incorporates herein by reference paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. The Agreement, encompassing Exhibits A through C thereto, constitutes a valid and binding contract supported by consideration to which RevPoint and QuoteWizard are each parties.

63. Pursuant to the Agreement, RevPoint agreed to defend, indemnify, and hold harmless QuoteWizard for any breach by RevPoint of the terms and warranties set forth in the Agreement.

64. Pursuant to the Agreement, RevPoint also more generally agreed to indemnify, defend, and hold harmless QuoteWizard from any and all reasonable attorneys' fees, claims, expenses, suits, damages, costs, demands, or liabilities arising from or related to RevPoint's services under the Agreement.

COMPLAINT - 11

Philip R. Cosgrove
**Nelson Mullins Riley & Scarborough LLP**
**19191 S. Vermont Ave., Suite 900**
**Torrance, CA 90502**
**Telephone: 424.221.7400**

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

65. Therefore, irrespective of whether RevPoint breached the terms of the Agreement in selling Mantha's lead or any other consumer lead to QuoteWizard, RevPoint agreed and is required to indemnify and hold harmless QuoteWizard for the Massachusetts Lawsuit, which directly arises out of and relates to Mantha's lead sold to QuoteWizard by RevPoint with promised consent to contact Mantha.

66. QuoteWizard has incurred significant costs and reasonable attorneys' fees to date to defend the Massachusetts Lawsuit.

67. QuoteWizard will continue to incur costs and attorneys' fees to defend the Massachusetts Lawsuit, until the conclusion thereof, including any appeals and related proceedings.

68. RevPoint is required to indemnify QuoteWizard for all costs and attorneys' fees incurred by QuoteWizard to defend the Massachusetts Lawsuit, any settlement amounts ultimately paid by QuoteWizard to settle the Massachusetts Lawsuit, or any damages, costs, and fees plus interest ultimately assessed against QuoteWizard in the Massachusetts Lawsuit.

69. RevPoint has already, albeit informally, acknowledged its indemnification obligations to QuoteWizard arising from the Massachusetts Lawsuit and is estopped from now denying the same.

## COUNT II

## BREACH OF CONTRACT - INDEMNIFICATION

70. QuoteWizard incorporates herein by reference paragraphs 1 through 69 of the Complaint as if fully set forth herein.

COMPLAINT - 12

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

71. The Agreement, encompassing Exhibits A through C thereto, constitutes a valid and binding contract supported by consideration to which RevPoint and QuoteWizard are each parties.

72. Pursuant to the Agreement, RevPoint agreed to indemnify, hold harmless, and defend QuoteWizard from any and all claims, expenses, suits, damages, costs, demands, or liabilities, including reasonable attorneys' fees, arising from or related to RevPoint's services under the Agreement.

73. RevPoint is also required to indemnify QuoteWizard for loss, damages, fees, etc. resulting from its breach of the Agreement, which would apply in the event the factfinder in the Massachusetts Lawsuit finds no valid, provable consent for Mantha and/or the putative class members.

74. The Massachusetts Lawsuit against QuoteWizard falls squarely within the indemnity provisions under the Agreement, thus requiring RevPoint to indemnify QuoteWizard.

75. Although informally acknowledging its obligation to indemnify QuoteWizard for and in connection with the Massachusetts Lawsuit, RevPoint has to date failed to formally accept, acknowledge, and confirm the same in writing despite QuoteWizard's five requests for the same.

76. In addition, RevPoint has wrongly suggested that it may escape the indemnity requirements because it did not "originate" Mantha's lead.

77. To date, RevPoint has not reimbursed QuoteWizard for the fees and costs it has incurred to defend the Massachusetts Lawsuit.

78. RevPoint's failure to formally accept and acknowledge its indemnity obligations and its failure to reimburse QuoteWizard for its fees and costs to date constitutes a material breach of the Agreement.

COMPLAINT - 13

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

79. The indemnity provisions of the Agreement are material terms upon which QuoteWizard relied in entering into the Agreement.

80. RevPoint's breach of the indemnity requirements has caused damages and harm to QuoteWizard, including but not limited to QuoteWizard incurring attorneys' fees and costs to seek to enforce the indemnity requirements against RevPoint.

81. QuoteWizard was and is in compliance with all of its obligations under the Agreement.

## COUNT III

## BREACH OF CONTRACT – SALE OF LEADS ALLEGEDLY WITHOUT VALID CONSENT

82. QuoteWizard incorporates herein by reference paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. The Agreement, encompassing Exhibits A through C thereto, constitutes a valid and binding contract supported by consideration to which RevPoint and QuoteWizard are each parties.

84. Pursuant to the Agreement, RevPoint agreed to only sell consumer leads to QuoteWizard that were valid and had valid consent for TCPA purposes, and for which RevPoint could provide legally sufficient, conclusive proof of consent.

85. Mantha has alleged in the Massachusetts Lawsuit that his lead, sold by RevPoint to QuoteWizard, is not valid and he did not consent to be contacted by QuoteWizard.

86. QuoteWizard denies Mantha's allegations.

87. Mantha has alleged in the Massachusetts Lawsuit the existence of a nationwide class of consumers whom QuoteWizard contacted without their consent.

COMPLAINT - 14

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

88. QuoteWizard denies Mantha's allegations.

89. Without QuoteWizard admitting the allegations of the Massachusetts Lawsuit, and in fact while denying and defending against the same, if QuoteWizard is not able to proffer sufficient, legally conclusive proof of consent for Mantha's lead therein, then RevPoint has materially breached the Agreement by failing to maintain and give to QuoteWizard conclusive proof of consent and by failing to sell to QuoteWizard leads only with valid, provable consent for TCPA purposes.

90. Without admitting the allegations of the Massachusetts Lawsuit, and in fact while denying and defending against the same, if QuoteWizard is not able to proffer sufficient, legally conclusive proof of consent for the putative class members, if a class is certified, then RevPoint has materially breached the Agreement by failing to maintain and give to QuoteWizard conclusive proof of consent and by failing to sell QuoteWizard leads only with valid, provable consent for TCPA purposes.

91. If the factfinder in the Massachusetts Lawsuit finds in favor of Mantha and/or the putative class members, and as a result of RevPoint's breaches of the Agreement, then QuoteWizard will suffer damages in the form of monetary damages (compensatory, punitive, and otherwise) to be paid to Mantha and/or the class members plus pre- and post- judgment interest, as well as suffer harm to its business reputation, loss of business, payment of attorneys' fees and costs, and other damages to be determined at the time of trial.

92. QuoteWizard was and is in compliance with all of its obligations under the Agreement.

COMPLAINT - 15

Philip R. Cosgrove
**Nelson Mullins Riley & Scarborough LLP**
**19191 S. Vermont Ave., Suite 900**
**Torrance, CA 90502**
**Telephone: 424.221.7400**

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff QuoteWizard.com, LLC respectfully requests that this Court enter a Judgment:

1. Finding that RevPoint is required to indemnify QuoteWizard for the Massachusetts Lawsuit;

2. Ordering RevPoint to reimburse QuoteWizard for all costs and fees incurred in the Massachusetts Lawsuit to date;

3. Finding that RevPoint is liable for breach of contract for failing to accept indemnification to date and awarding QuoteWizard its damages as a result thereof;

4. Finding that, if any damages are assessed against QuoteWizard in the Massachusetts Lawsuit, RevPoint is liable for breach of contract and awarding QuoteWizard all of its damages as a result thereof;

5. Awarding QuoteWizard all actual and incidental damages it is entitled to as a result of RevPoint's breaches of the Agreement;

6. Awarding QuoteWizard contractual and statutory interest, as permitted by applicable law; and

7. Granting such further relief that the Court deems just and appropriate.

## JURY DEMAND

QuoteWizard demands a trial by Jury on all counts and issues so triable.

[*Signatures on Next Page*]

Philip R. Cosgrove
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502
Telephone: 424.221.7400

|   |   |
|---|---|
|   | Respectfully submitted, |
|   |   |
|   | QuoteWizard.com, LLC, |
|   | By its attorneys, |
| Dated: August 4, 2021 | By: */s/ Philip R. Cosgrove* |
|   | Philip R. Cosgrove (WSB #53790) |
|   | phil.cosgrove@nelsonmullins.com |
|   | Nelson Mullins Riley & Scarborough LLP |
|   | 19191 South Vermont Ave., Suite 900 |
|   | Torrance, CA 90502 |
|   | (t) (424)-221-7412 |
|   | (f) (424) 221-7499 |
|   |   |
|   | Kevin P. Polansky, *pro hac vice forthcoming* |
|   | Christine M. Kingston, *pro hac vice forthcoming* |
|   | Nelson Mullins Riley & Scarborough LLP |
|   | kevin.polansky@nelsonmullins.com |
|   | christine.kingston@nelsonmullins.com |
|   | One Financial Center, Suite 3500 |
|   | Boston, MA 02111 |
|   | (t) (617) 217-4794 |
|   | (f) (617) 217-4710 |

COMPLAINT - 17

**Philip R. Cosgrove**
**Nelson Mullins Riley & Scarborough LLP**
**19191 S. Vermont Ave., Suite 900**
**Torrance, CA 90502**
**Telephone: 424.221.7400**

4852-7819-8004 v.1 019123/01591, 3:40 PM, 08/04/2021