THE HONORABLE S. KATE VAUGHAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUOTEWIZARD.COM, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>REVPOINT MEDIA, LLC,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-01043-SKV<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, REVPOINT MEDIA, LLC ("REVPOINT" or "Defendant"), hereby submits its answer to the complaint (the "Complaint", Dkt. No. 1) as follows:

## INTRODUCTION

The introduction consists of statements to which no response is required. To the extent this paragraph contains factual contentions, they are denied. It is affirmatively averred that Plaintiff, QUOTEWIZARD.COM, LLC (the "Plaintiff"), does not have any viable claims under or any right to recovery thereunder.

## PARTIES

1.　Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 1, and on that basis denies the allegations.

2.　Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 2, and on that basis denies the allegations.

3.　Defendant admits only that it is a limited liability company organized and existing

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 1
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

under the laws of the State of Delaware; the remainder of the allegation is denied.

4. Paragraph 4 consists of statements to which no response is required. To the extent this paragraph contains factual contentions, they are denied.

## JURISDICTION AND VENUE

5. Admits for jurisdictional purposes only. Defendant denies the remaining allegations in paragraph 5.

6. Admits for jurisdictional purposes only. Defendant denies the remaining allegations in paragraph 6.

7. Admits for jurisdictional purposes only. Defendant denies the remaining allegations in paragraph 7.

## FACTS

A. <u>Parties' Relationship and Contract</u>

8. The website speaks for itself, Defendant denies the allegations in paragraph 8 to the extent they vary, in any way, from the plain language of the website.

9. Paragraph 9 consists of statements to which no response is required. To the extent this paragraph contains factual contentions, they are denied.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 10, and on that basis denies the allegations.

11. The allegations in paragraph 11 are, or purport to be, statements of law for which no response is required. Defendant denies the allegations to the extent they vary, in any way, from the plain language of the contract referenced in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 are, or purport to be, statements of law for which no response is required. Defendant denies the allegations to the extent they vary, in any way, from the plain language of the contract referenced in paragraph 11 of the Complaint.

13. The document speaks for itself. The allegations of paragraph 13 are denied to the extent they vary in any way from the plain language of the document.

14. The document speaks for itself. The allegations of paragraph 14 are denied to the

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 2
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

extent they vary in any way from the plain language of the document.

15. The document speaks for itself. The allegations of paragraph 15 are denied to the extent they vary in any way from the plain language of the document.

16. The document speaks for itself. The allegations of paragraph 16 are denied to the extent they vary in any way from the plain language of the document.

17. The document speaks for itself. The allegations of paragraph 17 are denied to the extent they vary in any way from the plain language of the document.

18. The document speaks for itself. The allegations of paragraph 18 are denied to the extent they vary in any way from the plain language of the document.

19. The document speaks for itself. The allegations of paragraph 19 are denied to the extent they vary in any way from the plain language of the document.

20. The document speaks for itself. The allegations of paragraph 20 are denied to the extent they vary in any way from the plain language of the document.

21. The document speaks for itself. The allegations of paragraph 21 are denied to the extent they vary in any way from the plain language of the document.

22. The document speaks for itself. The allegations of paragraph 22 are denied to the extent they vary in any way from the plain language of the document.

23. The document speaks for itself. The allegations of paragraph 23 are denied to the extent they vary in any way from the plain language of the document.

24. The document speaks for itself. The allegations of paragraph 24 are denied to the extent they vary in any way from the plain language of the document.

25. The document speaks for itself. The allegations of paragraph 25 are denied to the extent they vary in any way from the plain language of the document.

26. Defendant denies the allegations in paragraph 26.

27. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 27, and on that basis denies the allegations.

28. The allegations in paragraph 28 are, or purport to be, statements of law for which

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 3
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

no response is required. To the extent a response is required, Defendant denies the allegations.

29. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 29, and on that basis denies the allegations.

30. The allegations in paragraph 30 are, or purport to be, statements of law for which no response is required. To the extent a response is required, Defendant denies the allegations.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 31, and on that basis denies the allegations.

B. <u>Mantha's Lead</u>

32. Defendant admits it purchased a lead with valid prior express written consent and denies the remainder of the allegations in paragraph 32.

33. The document speaks for itself. The allegations of paragraph 33 are denied to the extent they vary in any way from the plain language of the document.

34. Defendant admits it purchased a lead with valid prior express written consent and denies the remainder of the allegations in paragraph 34.

35. The document speaks for itself. The allegations of paragraph 35 are denied to the extent they vary in any way from the plain language of the document.

36. The document speaks for itself. The allegations of paragraph 36 are denied to the extent they vary in any way from the plain language of the document.

37. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 37, and on that basis denies the allegations.

38. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 38, and on that basis denies the allegations.

C. <u>Mantha Denies Consent and Files Putative Class Action</u>

39. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 39, and on that basis denies the allegations.

40. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 40, and on that basis denies the allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 4
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

41. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 41, and on that basis denies the allegations.

42. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 42, and on that basis denies the allegations.

43. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 43, and on that basis denies the allegations.

44. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 44, and on that basis denies the allegations.

45. Defendant admits the allegations contained in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

D. QuoteWizard Seeks Indemnification from RevPoint

47. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 47, and on that basis denies the allegations.

48. Defendant denies the allegations in paragraph 48 to the extent they assert or infer a legal requirement or duty upon Defendant.

49. The document speaks for itself. The allegations of paragraph 49 are denied to the extent they vary in any way from the plain language of the document.

50. The document speaks for itself. The allegations of paragraph 50 are denied to the extent they vary in any way from the plain language of the document.

51. The document speaks for itself. The allegations of paragraph 51 are denied to the extent they vary in any way from the plain language of the document.

52. Defendant admits it responded to Plaintiff by letter and denies the remainder of the allegations contained in paragraph 52.

53. The document speaks for itself. The allegations of paragraph 53 are denied to the extent they vary in any way from the plain language of the document.

54. The document speaks for itself. The allegations of paragraph 54 are denied to the extent they vary in any way from the plain language of the document.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 5
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

55. Paragraph 55 consists of statements to which no response is required. To the extent this paragraph contains factual contentions, they are denied.

56. The document speaks for itself. The allegations of paragraph 56 are denied to the extent they vary in any way from the plain language of the document.

57. The document speaks for itself. The allegations of paragraph 57 are denied to the extent they vary in any way from the plain language of the document.

58. The document speaks for itself. The allegations of paragraph 58 are denied to the extent they vary in any way from the plain language of the document.

59. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 59, and on that basis denies the allegations.

60. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 60, and on that basis denies the allegations.

## **COUNT I: Indemnification**

61. Defendant reasserts it responses to paragraphs 1-60 here.

62. The document speaks for itself. The allegations of paragraph 62 are denied to the extent they vary in any way from the plain language of the document.

63. The document speaks for itself. The allegations of paragraph 63 are denied to the extent they vary in any way from the plain language of the document.

64. The document speaks for itself. The allegations of paragraph 64 are denied to the extent they vary in any way from the plain language of the document.

65. The document speaks for itself. The allegations of paragraph 65 are denied to the extent they vary in any way from the plain language of the document.

66. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 66, and on that basis denies the allegations.

67. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 67, and on that basis denies the allegations.

68. Defendant denies the allegations in paragraph 68.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 6
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

69. Defendant denies the allegations in paragraph 69.

## COUNT II: Breach of Contract - Indemnification

70. Defendant reasserts it responses to paragraphs 1-69 here.

71. The document speaks for itself. The allegations of paragraph 71 are denied to the extent they vary in any way from the plain language of the document.

72. The document speaks for itself. The allegations of paragraph 72 are denied to the extent they vary in any way from the plain language of the document.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75 to the extent they assert or infer a legal requirement or duty upon Defendant.

76. Defendant denies the allegations in paragraph 76 to the extent they assert or infer a legal requirement or duty upon Defendant.

77. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 77, and on that basis denies the allegations.

78. Defendant denies the allegations in paragraph 78.

79. The document speaks for itself. The allegations of paragraph 79 are denied to the extent they vary in any way from the plain language of the document.

80. Defendant denies the allegations in paragraph 80.

81. The document speaks for itself. The allegations of paragraph 81 are denied to the extent they vary in any way from the plain language of the document.

## COUNT III: Breach of Contract – Sale of Leads Allegedly Without Valid Consent

82. Defendant reasserts its responses to paragraphs 1-81 here.

83. The document speaks for itself. The allegations of paragraph 83 are denied to the extent they vary in any way from the plain language of the document.

84. The document speaks for itself. The allegations of paragraph 84 are denied to the extent they vary in any way from the plain language of the document.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 7
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

85. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 85, and on that basis denies the allegations.

86. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 86, and on that basis denies the allegations.

87. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 87, and on that basis denies the allegations.

88. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 88, and on that basis denies the allegations.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. The document speaks for itself. The allegations of paragraph 92 are denied to the extent they vary in any way from the plain language of the document.

## **PRAYER FOR RELIEF**

93. Defendant denies the allegations in paragraph 1.

94. Defendant denies the allegations in paragraph 2.

95. Defendant denies the allegations in paragraph 3.

96. Defendant denies the allegations in paragraph 4.

97. Defendant denies the allegations in paragraph 5.

98. Defendant denies the allegations in paragraph 6.

99. Defendant denies the allegations in paragraph 7.

## **JURY DEMAND**

100. Defendant reasserts it responses to paragraphs 1-92 and paragraphs 1-7 in the Prayer for Relief.

101. Defendant denies the allegations in this section.

## **OMNIBUS DENIAL**

102. Except as expressly admitted above, Defendant denies each and every allegation in

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 8
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant did not breach the Agreement referenced in the complaint since it obtained prior express written consent from Joseph Mantha for the purposes of contacting the phone number at which Plaintiff alleges to have sent the subject text message(s) and/or telephone call(s) and therefore, Plaintiff's claims must fail.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff fails to state a claim on which the Court could grant relief.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff lacks standing to bring the claims purportedly being asserted.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has not suffered a concrete and particularized injuries.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant incorporates by reference all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and rely herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred because any alleged acts or omissions of Defendant giving rise to the alleged claims were the result of an innocent mistake and/or bona fide error notwithstanding Defendant established and implemented reasonable practices and procedures to effectively prevent telephone solicitations in alleged violation of the regulations prescribed by 47 U.S.C. § 227. Defendant acted at all times in a reasonable manner in connection with the events at issue in this case.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any obligations that Defendant owes Plaintiff with regard to the claims asserted in

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 9
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

the Massachusetts Lawsuit are limited by the terms and conditions of the Agreement at issue in this matter.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

### NINTH AFFIRMATIVE DEFENSE

9. Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant are not liable.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff has not suffered any damages due to Defendant's alleged actions.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff failed to mitigate its damages if any.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint is barred by the equitable doctrines of waiver, estoppel, and/or laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to join all necessary and/or indispensable parties to the action: Plural Marketing Solutions, Inc.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to provide timely notice of the occurrence or suit as soon as practicable.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred because at all times Defendant acted in compliance with and pursuant to all applicable statues, contracts, industry standards, and instructions.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 10
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendant owes no duty to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are not ripe for adjudications because no determination has been made as to the alleged claims in the Massachusetts Lawsuit.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff is not entitled to reimbursement of its expenses in bringing the instant action.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff fails to state a claim by submitting a shotgun pleading.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. This Court lacks personal jurisdiction over the Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. This Court lacks subject matter jurisdiction over the Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. To the extent a valid dispute exists, venue is not proper in this Court.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiff's Complaint does not describe the claims made by Plaintiff with sufficient particularity to enable Defendant to determine what defense (including defenses based on the terms and conditions of the Agreement at issue in this matter) it may have in response to Plaintiff's lawsuit. Defendant therefore reserves the right to assert all defenses which may be pertinent to the Plaintiff's Complaint once the precise nature of such claim is ascertained through discovery.

25. Defendant asserts these affirmative defenses in order to preserve its right to assert them at trial, to give Plaintiff notice of its intention to assert these defenses, and to avoid waiver of any defenses. Defendant reserves its right to amend or supplement these affirmative defenses in the event additional information is obtained, through discovery or otherwise, that indicates the applicability of additional affirmative defenses.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 11
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**WHEREFORE**, the Defendant, REVPOINT MEDIA, LLC, respectfully requests this Court:

    a.    Enter judgment in REVPOINT MEDIA, LLC's favor on all counts;

    b.    Award REVPOINT MEDIA, LLC reasonable attorney's fees and costs; and

    c.    Award any further relief that this Court deems appropriate.

DATED: October 4, 2021

LANE POWELL PC


By: *s/ Stephania C. Denton*
Stephania C. Denton, WSBA No. 21920
Steven B. Winters, WSBA No. 22393
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
dentons@lanepowell.com
winterss@lanepowell.com

Attorneys for Defendant RevPoint Media, LLC

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 12
CASE NO. 2:21-cv-01043-SKV

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107